UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD WARREN BOHN,<br><br>Defendant. | Case No. 18-cv-02964-NC<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: ECF 1 |

Pro se defendant Richard Bohn purports to have removed this criminal cockfighting case from the Superior Court of the State of California, Santa Clara County Judicial District (Case No. F1867852). ECF 1. Mindful of its duty to verify the existence of jurisdiction at all times, the Court orders Bohn to show cause why this action should not be remanded for improper removal and lack of subject matter jurisdiction.

Bohn's removal notice cites 28 U.S.C. §§ 1441 and 1446 as the basis for removal. However, § 1441 applies only to civil cases:

> Except as otherwise expressly provided by Act of Congress, any *civil* action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). And § 1446 merely provides the procedural mechanism for a removal authorized under § 1441. Thus, Bohn cannot validly remove his

1 state criminal case to federal court under 28 U.S.C. §§ 1441 and 1446.

2 That said, there are statutory provisions for removing criminal cases to federal court: 28 U.S.C. §§ 1442–1443, with the procedural mechanics provided in § 1445. However, none of these provisions authorizes Bohn's purported removal.

First, § 1442 "only applies to criminal prosecutions in which the defendant is the United States or an agency or officer of the United States." *California v. Boyd*, No. 16-cv-07299 JSW, 2017 WL 6049181, at *1–2 (N.D. Cal. Apr. 11, 2017). That is not the case here, because Bohn is a private individual.

Next, § 1443(1) authorizes removal where the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). This provision is strictly construed and allows for removal only under limited circumstances that satisfy a two-prong test. "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' " *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specific federal rights 'in the courts of the State.' " *Id.* (quoting *Rachel*, 384 U.S. at 803). In other words, unless "a pervasive and explicit state or federal law" essentially guarantees that a defendant's race-based federal civil rights will be violated by "the very act of bringing the defendant to trial in the state court," then "the vindication of the defendant's federal rights is left to the state courts." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966).

Here, Bohn's removal notice makes no allegation that being criminally tried in state court for cockfighting will unavoidably lead to a violation of his federal civil rights that arise under anti-racial discrimination statutes. The removal notice does allege that the State of California "violated [Bohn's] civil rights, due process, privacy and other rights secured by the Constitution for the United States including the 1st, 4th, 5th, 6th and 8th Amendments." ECF 1 at 3. But this does not give rise to jurisdiction under § 1443(1),

Case No. 18-cv-02964-NC 2

because "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219.

Third and finally, § 1443(2) authorizes removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). However, the Supreme Court has held that this removal privilege applies only to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Peacock*, 384 U.S. at 824; *accord Arizona v. Corley*, No. CR-18-0070 DGC, 2018 WL 513347, at *1 (D. Ariz. Jan. 23, 2018). Bohn is no such officer or agent, so this provision does not apply here.

In sum, Bohn provides no basis for this Court to exercise jurisdiction over the criminal matter he purports to remove from state court. The Court therefore orders Bohn to show cause why this case should not be remanded back to the California Superior Court. Bohn must respond by **July 30, 2018**; otherwise the Court will remand this action.

Bohn has not indicated whether he consents to or declines magistrate judge jurisdiction under 28 U.S.C. § 636(c). Bohn must make his decision by July 30. A consent/declination form is attached to this order.

Finally, the Court directs Bohn to the Federal Pro Se Program, which provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is located in Room 2070 of the San Jose United States Courthouse, and is available by appointment Monday to Thursday 9:00 a.m. – 4:00 p.m. The Program can be reached by calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated: June 29, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 18-cv-02964-NC                3